RAMÓN PÉREZ LUGO, Plaintiff and Appellee, *v.* JOAQUÍN DÍAZ, Defendant and Appellant.

No. 6125. Argued July 26, 1932.—Decided July 29, 1932.

L. A. *López de Victoria* for appellant. *M. A. García Méndez* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Ramón Pérez Lugo obtained a judgment for the possession of certain real estate. He moves to dismiss an appeal from that judgment.

More than six months have elapsed since the filing of the notice of appeal. Appellant explains that immediately after filing the notice he applied for an order directing the stenog-

rapher to prepare a transcript of the evidence, paid the stenographer's fees, and on different occasions has urged the stenographer to complete the transcript. The stenographer, in an affidavit filed by appellant, states in substance that he has not been able to reach the instant case in the chronological order of pending transcripts. Appellant is the vendee in a conveyance with the covenant for reconveyance of the property in controversy. If the appellee does not repurchase the property on or before October first, appellant will then be in a position to assert a new claim to the right of possession. This Court will adjourn on July 30 to reconvene on the first Monday of November. If the district judge had denied a motion for an order directing the stenographer to give preference to this transcript, appellant would have been in a better position. If such a motion had been made and granted, the transcript could have been filed within the ninety days prescribed by the rules of this Court, and the case could have been advanced for a hearing before adjournment.

In answer to a charge that the appeal is frivolous, appellant says that his first contention will be that the district court erred in weighing the evidence. Judgments are not often reversed on this ground and we have no reason to believe that the judgment herein would be reversed.

Appellant also says that in 1930 Ramón and Isabel Pérez Rodríguez, son and daughter of Ramón Pérez Lugo, instituted a similar proceeding against defendant, now appellant herein, concerning the same property and based upon the same grounds as those relied upon by Ramón Pérez Lugo, plaintiff herein; that the said proceeding, after a trial on the merits, was dismissed in December, 1930; that no appeal was taken from the said judgment; that the said proceeding was instituted with the acquiescence and cooperation of Ramón Pérez Lugo, who personally filed the complaint, testified as a witness for plaintiffs, and, although not named as a party, was in fact a party to' that proceeding, inasmuch as the same was

instituted in order to put him in possession of the property as the lessee of his son and daughter, that being also the purpose of the present proceeding; that the interest of plaintiff herein is an interest in common and identical with that of his son and daughter; that plaintiff herein is estopped by the result of the previous proceeding, and that this was pleaded as a defense in the court below but the district judge excluded evidence in support thereof and "dismissed" the defense, to which defendant took an exception. There is nothing to show the nature of the defense whereby defendant was enabled to defeat the previous proceeding. Beyond the statement of facts last above outlined, there is nothing to show upon what theory the district judge excluded the evidence in support of defendant's plea of estoppel herein and "dismissed" the plea. There is no affidavit of merits, and no sufficient statement of facts, to say nothing of the law applicable to those facts, to enable this Court to determine what possibility, if any, there may be of a reversal. The judgment appealed from is presumed to be correct and the statement by appellant of the grounds relied upon by him, rather than anything contained in the motion to dismiss, indicates that the appeal is frivolous.

Whether the appeal be frivolous or not, the probability that serious hardship and injustice to the appellee would result from a refusal to dismiss far outweighs the remote possibility of doing some slight injustice to appellant by a dismissal for failure to file a transcript of the evidence.

The appeal will be dismissed.